LINWOOD BISBEE

*vs.*

WILLIAM D. GRANT & PULP-WOOD.

Continental Paper and Bag Mills Corporation, Claimant.

Franklin. Opinion August 9, 1928.

244

*Currier C. Holman,* for plaintiff.
*Ralph T. Parker,* for claimant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DUNN, J. This action was begun by attachment to enforce a statutory lien for labor done by the plaintiff on pulp-wood. R. S. Chap. 96, Sec. 51. The principal defendant made default. The claimant appeared in the proceeding for the purpose of establishing ownership to its property and of removing the cloud cast thereon by the attachment. Claimant moved the ruling that, the attachment being insufficient, there could be no lien judgment. The ruling was refused. An exception saved the point.

Attachment of the pulp-wood was as bulky personalty, R. S. Chap. 86, Sec. 27. The return of the officer making the attachment, so far as recital of the return is of importance, is in these words: "thirty-five cords of peeled pulp-wood in the second boom on Kennebago Lake."

Unfortunately for the attachment plaintiff the boom held not merely thirty-five cords of pulp-wood, but a mass of pulp-wood in excess of three hundred cords, from which whole lot the officer never did select or separate that portion which, though he returned it as attached, he left exactly as he had found it, floating in the waters within the boom.

To identify the particular wood against which, had it upon attachment been distinctively indicated, there might have been specific judgment for lien, has always been out of the question; so the attachment was not valid.

The case of *Wentworth* v. *Sawyer,* 76 Maine, 434, cited and relied on by the plaintiff, is not at variance from the conclusion here reached. There, from anything that appears, in attaching

seven tons of hay in a barn, it was not undertaken to attach a quantity less than the whole, without designating the attached from the unattached and setting the one apart from the other.

The claimant's exception is sustained. And, by authority of the stipulation filed by the plaintiff and the claimant, on the sustaining of the exception, judgment is awarded the claimant.

*So ordered.*